UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA VAN RENTALS, INC. d/b/a
DISCOUNT MOBILITY USA, and
MEDICAL TRAVEL, INC.

    Plaintiffs,
vs.

AUTO MOBILITYSALES, INC.

    Defendant.
_____/

CASE NO.
JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Florida Van Rentals, Inc. and Medical Travel, Inc. sue defendants Auto Mobility Sales, Inc.:

## PARTIES

1. Plaintiff Florida Van Rentals, Inc. ("FLVR"), is incorporated in the state of Florida and has a principal place of business at 6307 Hansel Ave., Orlando Florida 32809.

2. Plaintiff Medical Travel, Inc. ("MTI"), is incorporated in the state of Florida and has a principal place of business at 6307 Hansel Ave., Orlando Florida 32809.

3. Upon information and belief, Defendant Auto Mobility Sales, Inc. ("AMS") is incorporated in the state of Florida and has a principal place of business at 1925 10th Ave. N., Lake Worth, FL 33461.

## JURISDICTION AND VENUE

4. This is a civil action for trademark infringement and unfair competition arising under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1051 el seq.; state trademark infringement arising under Fla. Stat. §§ 495.001 et seq.; state deceptive and unfair trade practices, arising under Fla. Stat. §§ 501.20 l-213, and Florida state common law.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121, and/or supplemental jurisdiction as stated in 28 U.S.C. §1367, and/or upon principles of pendent and ancillary jurisdiction.

6. Venue properly lies within this judicial district under 28 U.S.C. § 1400(a) because Defendants or its agents can be found in this judicial district, and 28 U.S.C. § 139l(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district.

### Florida Van Rentals, Inc. and its Discount Mobility Trademarks

7. Florida Van Rentals, Inc. ("FLVR") is a small, family-owned business specializing in the rental of various types vans in central Florida, including handicap accessible vans and non-emergency wheelchair accessible transportation.

8. FLVR operates offices in Miami, Orlando, Tampa, Ft. Lauderdale and Palm Beach, Florida and markets its services worldwide via various channels, including the Internet.

9. FLVR has continuously marketed its services relating to, *inter alia*, handicap accessible vans and non-emergency wheelchair accessible transportation

throughout the state of Florida and in interstate commerce since at least as early as August of 2010 utilizing the trademarks "DISCOUNT MOBILITY" and "DISCOUNT MOBILITY USA" (herein after "the DM Marks").

10.  FLVR's predecessor in interest, Discount Mobility USA, Inc. continuously marketed services relating to, *inter alia*, handicap accessible vans and non-emergency wheelchair accessible transportation throughout the state of Florida and in interstate commerce from at least as early as October of 2002 to August of 2010 utilizing the DM Marks.

11.  For example, FLVR and Discount Mobility USA, Inc. have maintained a website accessible worldwide via the Internet under the domain name "www.discountmobilityusa.com" since 2002. A screen print of the homepage of the current website associated with "www.discountmobilityusa.com" is attached hereto as Exhibit A.

12.  In August of 2010, Discount Mobility USA, Inc. was merged into FLVR, and, *inter alia*, FLVR acquired all rights, title and interest in the DM Marks and the good will appertaining thereto.

13.  The DM Marks are suggestive and inherently distinctive.

14.  Through actual use by FLVR and Discount Mobility USA, Inc., the Marks indicate to the relevant consumer the source of the goods and services offered by FLVR.

## Medical Travel, Inc. and its Trademark

15.  Medical Travel, Inc. ("MTI") is a small, family-owned full service medical travel agency that caters to patients with special medical needs, their families and friends.

16. Among other things, MTI arranges cruises and land vacations for dialysis patients, patients with respiratory problems, wheelchair bound travelers and for families that require special medical needs travel.

17. MTI has continuously marketed its services in interstate commerce relating to, *inter alia*, handicap accessible vans and non-emergency wheelchair accessible transportation in interstate commerce since at least as early as June of 2000 utilizing the trademark "Medical Travel" (herein after "the MT Mark").

18. For example, MTI has maintained a website accessible worldwide via the Internet under the domain name "medicaltravel.org" since 2000. A screen print of the homepage of the current website associated with "medicaltravel.org" is attached hereto as Exhibit B.

19. The MT Mark is suggestive and inherently distinctive.

20. Through actual use by MTI, the MT Mark indicates to the relevant consumer the source of the goods and services offered by MTI.

21. MTI registered the MT Mark with the state of Florida on or about July 14, 2000 and thus has trademark rights in the mark throughout the state of Florida under state law. A screen print of the trademark registration is attached hereto as Exhibit C.

### Auto Mobility, Inc.

22. On information and belief, AMS Rents and sells wheelchair accessible vans, full size handicap vans with lifts, wheelchair lifts and other mobility vehicles in Florida.

23. On information and belief, AMS maintains a Miami office that serves, *inter alia*, Miami, South Beach, North Miami Beach, Coral Gables, Kendall, Miramar, Hialeah, Doral, Homestead, Naples and the Florida Keys.

24. On information and belief, AMS maintains a Fort Lauderdale office that serves, *inter alia*, Fort Lauderdale, Coral Springs, Coconut Creek, Margate, Sunrise, Deerfield Beach, Boca Raton, Pompano Beach, Hollywood, Davie, Plantation, Pembooke Pines, Tamarac and all of Broward County.

25. On information and belief, AMS maintains a West Palm Beach office that serves, *inter alia*, Jupiter, Orlando, West Palm Beach, Lake Worth, Boynton Beach, Delray Beach & All of Palm Beach County.

26. AMS markets its services, *inter alia*, via its website at "www.automobilitysales.com" throughout Florida, nationwide and worldwide, including all counties and municipalities within the Middle District of Florida including, *inter alia*, Hillsborough, Pinellas and Sarasota counties and the cities of Tampa and St. Petersburg, Florida.

**Auto Mobility, Inc.'s Infringement of the DM Marks**

27. On information and belief, sometime during or before 2012, AMS began utilizing the DM Marks in connection with advertising its services.

28. On information and belief, AMS has used and currently uses the DM Marks verbatim in, *inter alia*, in the title of paid advertisements on Internet search services.

29. For example, Google searches on the DM Marks display paid advertisement directed to AMS's website and prominently displaying the DM Marks positioned at the top of the search results. Screen prints of seven different recent search result pages for Google is attached hereto as Exhibit D showing AMS ads placed at the top of the search results.

30. As a result, consumers searching using the DM Marks as a search term on the Internet have confused FLVR and AMS, *inter alia*, believing them to be the same organization.

31. On information and belief, AMS has also used the DM Marks on advertisements in other media such as, for example, print media.

32. AMS was aware of FLVR, its business and its use of the DM Marks prior to making use of the mark.

33. AMS use of the DM Marks is willful and malicious and in reckless disregard of FLVR's rights.

34. AMS's use of the DM Marks has caused actual confusion among consumers, and has misled consumers to associate AMS's services with FLVR.

35. As a result, FLVR has suffered decreases in sales and the ability of the Mark to distinguish FLVR's goods and services in the marketplace has been impaired.

### Auto Mobility, Inc.'s Infringement of the MT Mark

36. On information and belief, sometime during or before 2012, AMS began utilizing the MT Mark in connection with advertising its services.

37. On information and belief, AMS currently uses the MT Mark and the domain name of MTI's website, "medicaltravel.org", verbatim in, *inter alia*, in the title of paid advertisements on Internet search services.

38. For example, Google searches on the domain name of MTI's website, "medicaltravel.org", display a paid advertisement directed to AMS's website and prominently displaying the domain name of MTI's website positioned near the top of the search results. Screen prints of for different recent search result pages for Google is attached hereto as Exhibit E showing AMS ads placed near the top of the search results.

39. As a result, users searching using the MT Mark and/or the domain name of MTI's website, "medicaltravel.org" as a search term on the Internet have confused MTI and AMS, *inter alia*, believing them to be the same organization.

40. On information and belief, AMS has also used the MT Mark and/or the domain name of MTI's website, "medicaltravel.org", on advertisements in other media such as, for example, print media.

41. AMS was aware of MTI, its business and its use of the MT Mark prior to making use of the mark.

42. AMS use of the MT Mark is willful and malicious and in reckless disregard of FLVR's rights.

43. AMS's use of the MT Mark has caused actual confusion among consumers, and has misled consumers to associate AMS's services with AMS.

44. As a result, MTI has suffered decreases in sales and the ability of the Mark to distinguish MTI's goods and services in the marketplace has been impaired.

## COUNT I – FEDERAL UNFAIR COMPETITION RELATING TO THE DM MARKS

45. FLVR restates the allegations set forth in paragraphs 1-14 and 22-35 and incorporates them herein by reference.

46. AMS was aware of FLVR's use of the marks "DISCOUNT MOBILITY" and "DISCOUNT MOBILITY USA" marks.

47. Despite such awareness, Defendant adopted and used confusingly similar marks directed to the same customers.

48. AMS's adoption and user of the "DISCOUNT MOBILITY" and "DISCOUNT MOBILITY USA" marks was made with the intention to trade on the goodwill associated with the marks.

49. AMS used, on or in connection with goods and services, marks that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of AMS with FLVR, or as to the origin, sponsorship, or approval of AMS′s goods, or commercial activities, by FLVR.

50. AMS's acts constitute a false designation of origin and misrepresentation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. AMS's actions were taken in willful, deliberate, and/or intentional disregard of FLVR's rights and thus case is exceptional under 15 U.S.C. §§ 1051 e/ seq.

52. FLVR has been damaged by the acts of Defendant, and if the acts of Defendant are allowed to continue, will continue to suffer, irreparable injury for which FLVR has no adequate remedy at law.

53. FLVR is entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II – FLORIDA UNFAIR COMPETITION RELATING TO THE DM MARKS

54. FLVR restates the allegations set forth in paragraphs 1-14 and 22-35 and incorporates them herein by reference.

55. AMS is using trademarks that are confusingly similar and/or identical to FLVR's the marks "DISCOUNT MOBILITY" and "DISCOUNT MOBILITY USA" mark in connection with goods and services to the same purchasers and class of purchasers, namely, van rentals, without consent from FLVR.

56. AMS is using the marks "DISCOUNT MOBILITY" and "DISCOUNT MOBILITY USA" in a manner that is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of such goods and services.

57. AMS is using the marks "DISCOUNT MOBILITY" and "DISCOUNT MOBILITY USA" in a manner that has caused actual confusion among purchasers and/or users of such goods and services.

58. AMS's actions as stated above constitute a violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat.§§501.201 et seq.

59. Due to AMS's violation of this Act, Plaintiff is entitled to recover AMS's profits, the costs of this action, including reasonable attorneys' fees, and a permanent

injunction, enjoining Defendant from offering goods or services under the the marks "DISCOUNT MOBILITY" and "DISCOUNT MOBILITY USA".

## COUNT III – TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW RELATING TO THE DM MARKS

60. FLVR restates the allegations set forth in paragraphs 1-14 and 22-35 and incorporates them herein by reference.

61. AMS is using trademarks that are confusingly similar and/or identical to FLVR's the marks "DISCOUNT MOBILITY" and "DISCOUNT MOBILITY USA" mark in connection with goods and services to the same purchasers and class of purchasers, namely, van rentals, without consent from FLVR.

62. AMS is using the marks "DISCOUNT MOBILITY" and "DISCOUNT MOBILITY USA" in a manner that is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of such goods and services.

63. AMS is using the marks "DISCOUNT MOBILITY" and "DISCOUNT MOBILITY USA" in a manner that has caused actual confusion among purchasers and/or users of such goods and services.

64. AMS′s actions as stated above constitute trademark infringement and passing off in violation of the common law of the State of Florida.

65. AMS′s actions as stated above constitute intentional misconduct and/or gross negligence within the meaning of Fla. Stat. § 768.72(2)(a)-(b), entitling FLVR to both compensatory damages in an amount to be determined at trial and punitive damages under the common law and under Fla. Stat. § 768.72.

66. FLVR does not have an adequate remedy at law, and will continue to be damaged by AMS's actions unless this Court enjoins AMS from such business practices.

## COUNT IV – FEDERAL UNFAIR COMPETITION RELATING TO THE MT MARK

67. MTI restates the allegations set forth in paragraphs 1-6, 15-26 and 36-44 and incorporates them herein by reference.

68. AMS was aware of MTI's use of the mark "MEDICAL TRAVEL" and the domain name "medicaltravel.org".

69. Despite such awareness, Defendant adopted and used confusingly similar marks directed to the same customers.

70. AMS's adoption and user of the "MEDICAL TRAVEL" mark was made with the intention to trade on the goodwill associated with the marks.

71. AMS used, on or in connection with goods and services, marks that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of AMS with MTI, or as to the origin, sponsorship, or approval of AMS's goods, or commercial activities, by MTI.

72. AMS's acts constitute a false designation of origin and misrepresentation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73. AMS's actions were taken in willful, deliberate, and/or intentional disregard of MTI's rights and thus case is exceptional under 15 U.S.C. §§ 1051 e/ seq.

74. MTI has been damaged by the acts of Defendant, and if the acts of Defendant are allowed to continue, will continue to suffer, irreparable injury for which MTI has no adequate remedy at law.

75. MTI is entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT V – FLORIDA UNFAIR COMPETITION RELATING TO THE MTI MARK

76. MTI restates the allegations set forth in paragraphs 1-6, 15-26 and 36-44 and incorporates them herein by reference.

77. AMS is using trademarks that are confusingly similar and/or identical to MTI's "MEDICAL TRAVEL" and "DISCOUNT MOBILITY USA" mark in connection with goods and services to the same purchasers and class of purchasers without consent from MTI.

78. AMS is using the mark "MEDICAL TRAVEL" in a manner that is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of such goods and services.

79. AMS is using the mark "MEDICAL TRAVEL" in a manner that has caused actual confusion among purchasers and/or users of such goods and services.

80. AMS's actions as stated above constitute a violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat.§§501.201 et seq.

81. Due to AMS's violation of this Act, Plaintiff is entitled to recover AMS's profits, the costs of this action, including reasonable attorneys' fees, and a permanent injunction, enjoining Defendant from offering goods or services under the mark "MEDICAL TRAVEL".

## COUNT VI – TRADEMARK INFRINGEMENT UNDER FLORIDA STATUTORY LAW RELATING TO THE MT MARK

82. MTI restates the allegations set forth in paragraphs 1-6, 15-26 and 36-44 and incorporates them herein by reference.

83. MTI owns a Florida trademark registration for "MEDICAL TRAVEL" (Doc. No. T12000000778).

84. The above registration is valid and in full force and effect.

85. AMS is using trademarks that are confusingly similar and/or identical to MTI's "MEDICAL TRAVEL" Mark in connection with goods and services to the same purchasers and class of purchasers without consent from MTI.

86. AMS use of the Mark "MEDICAL TRAVEL" constitutes an offering for sale, distribution, or advertising of goods or services on or in connection with the Mark which such use is likely to cause confusion, to cause mistake, or to deceive.

87. AMS's actions constitute trademark infringement under Fla. Stat. § 495.131 (1).

88. AMS's actions were committed with knowledge that such mark was intended to be used to cause confusion or mistake or to deceive, and thus MTI is entitled to recover profits or damages pursuant to Fla. Stat. § 495.131 (2).

89. MTI has been damaged by the acts of Defendant, and if the acts of Defendant are allowed to continue, will continue to suffer, irreparable injury for which MTI has no adequate remedy at law.

90. MTI is entitled to recover actual damages, treble damages, attorneys' fees and injunctive relief pursuant to Fla. Stat. § 495.141 (1).

## REQUESTED RELIEF

WHEREFORE, FLVR and MTI pray for relief as follows:

A. A permanent injunction enjoining AMS from offering goods or services in commerce utilizing the marks "DISCOUNT MOBILITY" and "DISCOUNT MOBILITY USA or any colorable imitation thereof;

B. An accounting of AMS's sales of goods or services during the period AMS used FLVR's "DISCOUNT MOBILITY" and/or "DISCOUNT MOBILITY USA" mark and earnings and profits resulting therefrom;

C. An award of compensatory damages to FLVR in an amount to be determined at trial;

D. An award of treble damages to FLVR pursuant to 15 U.S.C. section 1117 and Fla. Stat. § 495.141 (1), the amount to be determined at trial;

E. An award of Defendant's profits to FLVR, pursuant to 15 U.S.C. section 1117 and Fla. Stat. § 495.141 (1);

F. An award of costs and attorneys' fees to FLVR pursuant to 15 U.S.C. section 1117 and Fla. Stat. § 495.141 (1) or any other applicable statutory or contractual provision;

G. A permanent injunction enjoining AMS from offering goods or services in commerce utilizing the marks "MEDICAL TRAVEL" and "medicaltravel.org" or any colorable imitation thereof;

H. An accounting of AMS's sales of goods or services during the period AMS used MTI's ", "MEDICAL TRAVEL" and "medicaltravel.org" marks and earnings and profits resulting therefrom;

I. An award of compensatory damages to MTI in an amount to be determined at trial;

J. An award of treble damages to M pursuant to 15 U.S.C. section 1117 and Fla. Stat. § 495.141 (1), the amount to be determined at trial;

K. An award of Defendant's profits to FLVR, pursuant to 15 U.S.C. section 1117 and Fla. Stat. § 495.141 (1);

L. An award of costs and attorneys' fees to FLVR pursuant to 15 U.S.C. section 1117 and Fla. Stat. § 495.141 (1) or any other applicable statutory or contractual provision; and

M. Such other and further relief as the Court deems just and proper.

**Dated: July 3, 2013.**

        Respectfully submitted,

        **HARPER IP LAW, P.A.**

        **/s/Wayne Vincent Harper**
        Wayne V. Harper
        Florida Bar No. 763,101
        711 S. Howard Ave.
        Tampa, FL 33606
        Telephone: (813) 892-7839
        wayne@harperiplaw.com

        Attorney for the Plaintiffs