UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FLORIDA VAN RENTALS, INC., et al.,**

    **Plaintiffs,**

                                          Case No.: 8:13-CV-1732-T-36EAJ

**AUTO MOBILITY SALES, INC.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the Court are Defendant Auto Mobility Sales, Inc.'s ("Defendant's") **Motion for an Award of Attorneys' Fees and Costs and Incorporated Memorandum of Law** (Dkt. 77), Plaintiff Florida Van Rentals, Inc., et al.'s ("Plaintiffs'") **Response in Opposition to Defendant's Motion for an Award of Attorneys' Fees and Costs** (Dkt. 82), and **Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion for an Award of Attorneys' Fees and Costs** (Dkt. 89). Upon consideration, the undersigned recommends that Defendant's motion be denied.

### I.   Background

Pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.2105(1), the Lanham Act, 15 U.S.C. § 1117, Florida's Registration and Protection of Trademarks Act, Fla. Stat. § 495.141(1), and 28 U.S.C. § 1927, Defendant seeks $41,822.50 in attorneys fees and $1,773.83 in costs. The attorneys fees sought represent work performed for Defendant by two attorneys and a paralegal between July 2013 and December 2014.

On July 3, 2013, Plaintiffs filed their Complaint, alleging trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, et seq., trademark infringement under the Florida Registration and Protection of Trademarks Act, Fla. Stat. § 495.001, et seq., and deceptive

and unfair trade practices under Florida common law and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, et seq. (Dkt. 1)  In May 2014, the Court granted the parties' joint motion to extend the discovery, mediation, and dispositive motion deadlines and extended the discovery deadline to August 29, 2014, the mediation deadline to September 15, 2014, and the dispositive motions deadline to September 30, 2014. (Dkt. 23)  On August 29, 2014, the parties sought a second extension of the discovery and mediation deadlines, which the Court granted, extending the discovery deadline to September 30, 2014, and the mediation deadline to October 16, 2014. (Dkt. 28)

On October 9, 2014, Defendant filed a Motion to Compel and for Sanctions, alleging that Plaintiffs failed to serve any responses to Defendant's interrogatories, make initial disclosures, and produce deponents with knowledge for the Rule 30(b)(6) deposition. (Dkt. 38)  Defendant also contended that Plaintiffs responded to its requests for production over two months late and that Plaintiffs' responses were conditional, evasive, and used improper boilerplate, even after Plaintiffs served amended answers.  On October 18, 2014, Defendant filed a Motion for Order to Show Cause asserting Plaintiffs did not comply with the Court's order to mediate by October 16, 2014. (Dkt. 41)

The Court ordered Plaintiffs to show cause why sanctions should not be imposed for failure to comply with the order extending the mediation deadline. (Dkt. 42)  In their response, Plaintiffs acknowledged delays in discovery and prior resistance to mediation, but professed a willingness to attend mediation at Defendant's earliest convenience. (Dkt. 47)  In light of Plaintiffs' response, on October 30, 2014, the Court deferred ruling on Defendant's motion for order to show cause pending the parties' completion of mediation within thirty (30) days and the parties' filing a notice of the date and time scheduled for mediation within seven (7) days. (Dkt. 48)

2

When the deadline for notifying the Court about the scheduled date for mediation passed, the Court scheduled a show cause hearing for November 13, 2014, at 10:00 a.m. (Dkt. 54) Attorney for Plaintiffs failed to appear at the hearing and the Court ordered Plaintiffs' attorney to show cause why sanctions should not be imposed for failure to attend the hearing and comply with the Court's orders. (Dkt. 58) Finding Plaintiffs' attorney's response insufficient, the Court continued the November 13, 2014 show cause hearing to December 3, 2014, to address Plaintiffs' counsel's failure to attend the previous hearing, the parties' failure to mediate, and Defendant's previously-filed motion to compel. (Dkt. 61) In keeping with an agreement reached between the parties in the minutes before the hearing, the Court ordered Plaintiffs to respond to the interrogatories and produce all requested documents by December 8, 2014, at 5:00 p.m. (Dkt. 63 at 3-4) The Court also ordered Plaintiffs to produce a prepared and knowledgeable witness on December 16, 2014, for a Rule 30(b)(6), Fed. R. Civ. P., deposition, extended the mediation deadline to December 31, 2014, and imposed monetary sanctions on Plaintiffs for Plaintiffs' failure to participate in discovery. (Id. at 4) The Court later allocated responsibility for payment of the monetary sanctions equally between Plaintiffs and Plaintiffs' counsel. (Dkt. 86)[1]

On December 9, 2014, Defendants filed its Motion to Compel Compliance with Court Order [Dkt. 54] and for Sanctions (Dkt. 66), alleging Plaintiffs did not answer Defendant's interrogatories or produce all responsive documents by December, 8, 2014, at 5:00 p.m. as ordered. On December 12, 2014, Defendant also requested to be relieved from the Court's order requiring the corporate representative deposition to occur on December 16, 2014, as Defendant found out Plaintiffs'

---

[1] The Court awarded $8,167.10 in sanctions to Defendant in connection with Plaintiffs' discovery violations and directed that Plaintiffs pay one-half of that amount ($4,083.55) and Plaintiffs' counsel pay one-half of that amount ($4,083.55) to Defendant. (Dkt. 86 at 3)

3

attorney had been hospitalized. (Dkt. 67) The Court granted Defendant's request and ordered Plaintiffs' counsel to file an update on his status by December 18, 2014. (Dkt. 68) Mediation was subsequently noticed for December 30, 2014, and, in light of the status update filed by Plaintiffs' counsel, the Court extended the corporate representative deposition deadline to January 9, 2015. (Dkts. 69-71)

While the above-described discovery process was ongoing, on October 9, 2014, Defendant filed a motion for summary judgment. (Dkt. 32) On December 24, 2014, the Court entered an order stating that Defendant's motion for summary judgment would be granted, that the issuance of a written order was imminent, and that the mediation and deposition were cancelled. (Dkt. 73) On January 14, 2015, the Court granted Defendant's motion for summary judgment (Dkt. 74) and judgment was entered in favor of Defendant and against Plaintiffs on January 15, 2015. (Dkt. 75) Thereafter, Defendants filed the instant Motion for an Award of Attorneys' Fees and Costs and Incorporated Memorandum of Law. (Dkt. 77)

## II.  Entitlement to Attorneys' Fees and Costs

Defendant requests attorneys' fees pursuant to FDUTPA, Fla. Stat. § 501.2105(1), the Lanham Act, 15 U.S.C. § 1117, and the Florida Registration and Protection of Trademarks Act, Fla. Stat. § 495.141(1). Asserting Plaintiff engaged in vexatious litigation conduct unnecessarily multiplying the proceedings, Defendant also seeks attorneys' fees pursuant to 28 U.S.C. § 1927.

### A.  Lanham Act and Florida Registration and Protection of Trademarks Act

Attorneys' fees are awarded to the Plaintiff under the Lanham Act when a violation of any right of a trade mark registration is established under 15 U.S.C. § 1125(a) or (d) or a willful violation under § 1125(c). 15 U.S.C. § 1117(a). The Court may award reasonable attorney's fees

4

to the prevailing party in exceptional cases. Id. "An exceptional case is one that can be characterized as 'malicious, fraudulent, deliberate and willful,' or one in which 'evidence of fraud or bad faith' exists." Four Green Fields Holdings, LLC, v. Four Green Fields, An Irish Pub, Inc., No. 8:10-CV-2800-T-27EAJ, 2011 WL 5360143, at *1 (M.D. Fla. Oct. 17, 2011) (quoting Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001) (per curiam)). Similarly, attorney's fees are also available to the prevailing party under section 495.141(1), Fla. Stat., "according to the circumstances of the case." Fla. Stat. § 495.141(1).

Ultimately, "[a]lthough a case may rise to the level of exceptionality, the decision to grant attorney fees remains within the discretion of the trial court." Four Green Fields, 2011 WL 5360143, at *1 (citing Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 168 (11th Cir. 1994 )).

Defendant has not demonstrated the exceptional circumstances necessary for an award of fees under section 1117(a). In entering summary judgment against Plaintiffs, the Court found that Plaintiffs' unregistered marks, "Discount Mobility" and "Discount Mobility USA," were descriptive marks that had not acquired secondary meaning, and accordingly were entitled to no trademark protection. (Dkt. 74 at 5) The Court explained that Plaintiffs offered no consumer survey evidence or evidence regarding the extent of advertising, Plaintiffs' efforts to promote a connection between the name and the business, or actual recognition by the public. Further, Plaintiffs offered no evidence that the marks were used substantially exclusively for any period of time. (Dkt. 74 at 9) The Court also found that Plaintiffs' "Medical Travel" mark, registered in the State of Florida, was a generic mark entitled to no trademark protection. (Dkt. 74 at 12)

Plaintiffs assert, however, that they had a good faith belief that the marks were not descriptive or generic, and their lawsuit, accordingly, was not frivolous. Citing section 57.105, Fla.

5

Stat.,² which Plaintiffs describe as an analogous statute, Plaintiffs also contend that Defendant is entitled to attorney's fees only when the Court determines there was a complete absence of a justiciable issue raised by Plaintiffs.

In support of their good faith belief that the marks were not descriptive or generic, Plaintiffs point to Defendant's motion for summary judgment, which admitted that the relevant consumers were purchasers of handicap accessible vans or renters of handicap accessible vans who would not associate the term "mobility" with handicap vans in the absence of a reference to vehicles. (Dkts. 82 at 8, 35 at 16-17) Plaintiffs also argue that although the United States Patent and Trademark Office ("USPTO") determined that "Discount Mobility USA" was descriptive as related to a trademark registration application describing the goods and services as "RENT, SELL, REPAIR MOBILITY and MEDICAL EQUIPMENT," such determination did not determine whether that mark was descriptive as related to handicap van rentals. (Dkts. 82 at 9, Ex. 1 at 1) Finally, Plaintiffs assert that the "Medical Travel" mark was previously registered by another entity for travel agency services, which buttressed Plaintiffs' belief that the mark was valid.

---

² Section 57.105 provides,

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
> (b) Would not be supported by the application of then-existing law to those material facts.

Fla. Stat. § 57.105(1).

While Plaintiffs' claims were found to lack merit, the record does not support a finding that Plaintiffs filed the claims fraudulently or in bad faith. Although Defendant points to Plaintiffs' litigation conduct during discovery, the Court has already awarded sanctions to Defendant related to Defendant's Motion to Compel and for Sanctions and Motion for Order to Show Cause. (Dkts. 63 at 4, 86)

As merely weak Lanham Act claims are not enough to warrant a finding of bad faith and, even in exceptional cases, the decision to award fees remains in the discretion of the Court, the Court should decline to award fees under the Lanham Act. See Mobile Shelter Sys. USA, Inc., v. Grate Pallet Solutions, LLC, No. 3:10-cv-978-J-37JBT, 2013 WL 3815595 (M.D. Fla. July 22, 2013) (adopting recommendation to deny attorneys fees under 15 U.S.C. § 1117(a) but grant fees pursuant to another statute; "[a]lthough the undersigned is sympathetic to Defendants' arguments, and agrees with Defendants that they were required to defend a Lanham Act claim with very little, if any, merit, the undersigned finds no evidence of fraud or bad faith in connection with this claim."); Gray v. Novell, Inc., No. 8:06-CV-1950-T-33TGW, 2010 WL 2593608, at *9 (M.D. Fla. Feb. 22, 2010) (finding case was not exceptional and fee award not warranted under the Lanham Act where the defendant "failed to establish that the plaintiff's Lanham Act claims were objectively baseless and that the plaintiff acted in subjective bad faith."). See also Welding Services, Inc. v. Forman, 301 F. App'x 862, 862-63 (11th Cir. 2008) (per curiam) (unpublished) ("[W]e have held that an award of attorney's fees to a prevailing defendant may be justified when a plaintiff has brought an obviously weak Lanham Act claim and the evidence shows that the plaintiff acted in bad faith and

7

with improper motive." (citing Tire Kingdom, 253 F.3d at 1336).).[3] For the same reason, the Court should decline to award fees "according to the circumstances of the case" pursuant to section 495.141(1), Fla. Stat.

B. FDUTPA

Section 501.2105(1) of the Florida Statutes provides, "in any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." As with attorney's fees and costs under the Lanham Act and Florida's Registration and Protection of Trademarks Act, an award of attorney's fees pursuant to the FDUTPA is discretionary. Hetrick v. Ideal Image Dev. Corp., No. 8:07-cv-871-T-33TBM, 2011 WL 3566607, at *3 (M.D. Fla. July 26, 2011) (citing Humane Soc'y of Broward Cnty, Inc. v. Fla. Humane Soc'y, 951 So.2d 966, 968 (Fla. 4th DCA 2007).). However, the factors differ. In determining an award of attorney's fees under the FDUTPA, courts consider a number of factors, including the following: the history and scope of the litigation, the ability of the opposing party to satisfy an award of fees, whether a fee award would deter others in similar circumstances, the merits of the parties' respective positions (including the opposing party's bad faith or culpability), whether the claim brought was frivolous, unreasonable, or groundless, whether a defense was raised to frustrate or stall the litigation, and whether the claim was brought to resolve a significant question under the FDUTPA law. Id.

Although Defendant asserts it is a prevailing party for purposes of the FDUTPA and is

---

[3] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

therefore entitled to attorney's fees, Defendant's motion fails to address the Court's discretion in awarding fees and the factors typically considered in determining the appropriateness of fees under the FDUTPA. Defendant has therefore failed to meet its burden of establishing entitlement to attorney's fees under the statute. See Id. at *3 (denying request for attorney's fees where the defendant did not acknowledge the discretionary nature of a fee award under the FDUTPA and failed to address the typical factors considered by the court); N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc., 395 F. App'x 563, 565-66 (11th Cir. 2010) (per curiam) (unpublished) (affirming the district court's denial of attorney's fees under the FDUTPA where the prevailing defendant failed to discuss the factors relevant to the appropriateness of a fee award). In any event, the relevant factors (particularly whether Plaintiffs' claim was frivolous, unreasonable, groundless, or brought in bad faith), weigh against an award of attorneys' fees in this case.

Furthermore, Plaintiffs' claims under the FDUTPA were predicated on Defendant's alleged trademark infringement, and Plaintiffs' FDUTPA claims therefore rise or fall with Plaintiffs' trademark infringement claims. Natural Answers, Inc. v. SmithKline Beecham Corp., 529 F.3d 1325, 1333 (11th Cir. 2008) ("To bring a claim under [the FDUTPA], the plaintiff must have been aggrieved by the alleged unfair and deceptive act. [The plaintiff] could suffer no injury as a result of the alleged trademark infringement, because it does not hold a valid mark . . . that is subject to infringement."). As Plaintiffs' FDUTPA claims were intertwined with their Lanham Act claims, Defendant has not shown that it expended any separate time on the FDUTPA claims, and Defendant is not entitled to an award of fees under the Lanham Act, Defendant is not entitled to an award of attorneys' fees under the FDUTPA. See Suntree Techs., Inc. v. Ecosense Int'l, Inc., No. 6:09-cv-1945-Orl-28GJK, 2013 WL 1174399, at *7 (M.D. Fla. Feb. 7, 2013).

9

C.  28 U.S.C. § 1927

Additionally, Defendant seeks attorneys fees from Plaintiffs' counsel pursuant to 28 U.S.C. § 1927. Section 1927 provides, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Although Defendant argues that counsel for Plaintiffs participated in, encouraged, and condoned Plaintiffs' vexatious litigation conduct, the Court already awarded sanctions against Plaintiffs and counsel for Plaintiffs for their failure to participate in discovery. (Dkt. 86 at 2-3) Additional sanctions against counsel for Plaintiffs are not warranted.

### III. Conclusion

As explained above, the entry of summary judgment against Plaintiffs does not entitle Defendant to costs and attorneys' fees under the FDUTPA, the Lanham Act, Florida's Registration and Protection of Trademarks Act, or section 1927.

Accordingly, and upon consideration, it is hereby **RECOMMENDED** that:

(1) Defendant's Motion for an Award of Attorneys' Fees and Costs and Incorporated Memorandum of Law (Dkt. 77) be **DENIED**.


**April 29, 2015**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).


Copies to:
Counsel of Record
District Judge