UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA VAN RENTALS, INC. and
MEDICAL TRAVEL, INC.,

    Plaintiffs,

v.                                                        Case No: 8:13-cv-1732-T-36EAJ

AUTO MOBILITY SALES, INC.,

    Defendant.
_____/

## **O R D E R**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Elizabeth A. Jenkins (Doc. 94). In the Report and Recommendation, Magistrate Judge Jenkins recommends that Defendant Auto Mobility Sales, Inc.'s ("Auto Mobility") Motion for an Award of Attorneys' Fees and Costs (Doc. 77) be denied. Auto Mobility filed an Objection to the Report and Recommendation (Doc. 95). Plaintiffs Florida Van Rentals, Inc. and Medical Travel, Inc. (collectively, "Plaintiffs") failed to respond to the Objection, and the time to do so has now expired. This matter is therefore ripe for review.

**I.    BACKGROUND**

The underlying case concerns the alleged infringement of three of Plaintiffs' purported trademarks by Auto Mobility's use of those marks in its online keyword advertising campaign. Plaintiffs asserted trademark infringement claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA"); and Florida common law. Auto Mobility prevailed at summary judgment, with the Court finding that none of the asserted marks were protectable. *See* Doc. 74.

Auto Mobility subsequently filed a motion seeking attorneys' fees and costs pursuant to 15 U.S.C. § 1117, Fla. Stat. § 495.141(1), Fla. Stat. § 501.2105(1), and 28 U.S.C. § 1927. Doc. 77. The Magistrate Judge recommended that the Court deny Auto Mobility's Motion. Doc. 94. Auto Mobility now challenges specifically the Magistrate Judge's recommendation that the Court deny its request for attorneys' fees under 15 U.S.C. § 1117.

## II. STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

## III. DISCUSSION

### A. 15 U.S.C. § 1117

15 U.S.C. § 1117(a) provides that a court may award "reasonable attorney fees to the prevailing party" in "exceptional cases." In recommending that the Court reject Auto Mobility's request for attorneys' fees under Section 1117(a), the Magistrate Judge began by stating that the applicable standard for determining whether a case is "exceptional" is whether it "is one that can be characterized as 'malicious, fraudulent, deliberate and willful,' or one in which 'evidence of

2

fraud or bad faith' exists." Doc. 94 at 5 (quoting *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001)). The Magistrate Judge then found that "the record does not support a finding that Plaintiffs filed the claims fraudulently or in bad faith," and concluded, therefore, that attorneys' fees under Section 1117(a) were not warranted. Doc. 94 at 7-8.

Auto Mobility argues that the Magistrate Judge erred in finding that this case is not exceptional, because, according to it, the standard for exceptionality articulated in *Tire Kingdom* and cited by the Magistrate Judge is no longer good law in light of *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).[1] Auto Mobility further contends that, under the standard for exceptionality articulated in *Octane Fitness*, it has demonstrated that this case is "exceptional," thus warranting attorneys' fees under Section 1117(a).

As to Auto Mobility's first point, the Court agrees. In *Octane Fitness*, the Supreme Court rejected as "unduly rigid" the Federal Circuit's definition of an "exceptional case" as one where "there has been some material inappropriate conduct" or one where the litigation was both "brought in subjective bad faith" and "objectively baseless." 134 S. Ct. at 1751-52 (quotation marks and citation omitted). Rather, the Supreme Court held, "an 'exceptional case' is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. Thus, in determining whether a case is "exceptional," a district court need not adhere to a precise rule or formula, but instead may "consider[] the totality of the circumstances." *Id.*

---

[1] The Court notes that Auto Mobility did not cite *Octane Fitness* in either its Motion for Attorneys' Fees or its reply in further support of its Motion. Rather, Auto Mobility cites *Octane Fitness* for the first time in its Objection to the Magistrate Judge's Report and Recommendation.

3

Although *Octane Fitness* dealt with a claim arising under the Patent Act's provision for attorneys' fees, 35 U.S.C. § 285, its holding applies also to 15 U.S.C. § 1117(a), the analogous provision in the Lanham Act. To begin with, the language in these two provisions is identical, which suggests that they should be interpreted consistently. *See Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (1989). Further, to support its holding in *Octane Fitness*, the Supreme Court cited *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521, 526 (D.D.C. 1985), which interpreted the term "exceptional" in the "Lanham Act's identical fee-shifting provision" to mean "uncommon" or "not run-of-the-mill." The Supreme Court, therefore, held that to evaluate whether a case is "exceptional" under the Lanham Act, a court may consider a number of equitable factors including, but not limited to, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence," *Octane Fitness*, 134 S. Ct. at 1756 n.6 (quotation marks and citation omitted). *See Georgia-Pacific Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015); *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 314-15 (3d Cir. 2014); *High Tech Pet Prods., Inc. v. Shenzhen Jianfeng Elec. Pet Prod. Co., Ltd.*, Case No. 14-cv-759, 2015 WL 926023, at *1-2 (M.D. Fla. Mar. 4, 2015).

Nevertheless, after considering the totality of the circumstances, the Court finds that this case is not exceptional. *First*, although the Court ultimately found that Plaintiffs lacked any protectable rights in their asserted trademarks, it was not objectively unreasonable or frivolous for Plaintiffs to attempt to enforce their purported rights in these marks. As Plaintiffs note, they continuously used each of the marks on the Internet for a period of at least ten years to advertise their business of providing transportation services for handicapped and/or disabled people.

4

Further, Auto Mobility used these exact same terms, also in its online advertising campaign, to advertise substantially similar services. Finally, Plaintiffs registered the mark "Medical Travel" in the State of Florida. Thus, although the totality of the evidence supporting the validity of these marks was weak, Plaintiffs' overall case was at least colorable. *See Gray v. Novell, Inc.*, Case No. 06-cv-1950, 2010 WL 2593608, at *4 (M.D. Fla. Feb. 22, 2010) (finding that "[the defendant] has not shown that this is an exceptional case" because "the basis of the plaintiff's Lanham Act claims . . . has not been shown to be groundless").

*Second*, although the conduct of Plaintiffs and Plaintiffs' counsel in this litigation left much to be desired, it was not so unreasonable as to warrant a finding of exceptionality. Indeed, although Plaintiffs (and/or Plaintiffs' counsel) violated a number of the Court's orders by failing to timely respond to discovery requests and failing to appear at a hearing, Plaintiffs and Plaintiffs' counsel were sanctioned for such conduct, and there is no evidence that the delays caused any actual prejudice to Auto Mobility's rights. Further, although Plaintiffs refused to enter into a settlement agreement which Auto Mobility deems was fair and reasonable, as noted above, Plaintiffs' case was at least colorable, so Plaintiffs were entitled to their day in court.

In sum, after considering the totality of the circumstances, the Court concludes that Auto Mobility is not entitled to attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### B. Fla. Stat. § 495.141(1), Fla Stat. § 501.2105(1), and 28 U.S.C. § 1927

Auto Mobility has not specifically objected to the portions of the Report and Recommendation that recommend denying its request for attorneys' fees under Fla. Stat. § 495.141(1), Fla. Stat. § 501.2105(1), or 28 U.S.C. § 1927. The Court, having carefully reviewed the parties' submissions and the Report and Recommendation, and in light of its finding that this

Further, Auto Mobility used these exact same terms, also in its online advertising campaign, to advertise substantially similar services. Finally, Plaintiffs registered the mark "Medical Travel" in the State of Florida. Thus, although the totality of the evidence supporting the validity of these marks was weak, Plaintiffs' overall case was at least colorable. *See Gray v. Novell, Inc.*, Case No. 06-cv-1950, 2010 WL 2593608, at *4 (M.D. Fla. Feb. 22, 2010) (finding that "[the defendant] has not shown that this is an exceptional case" because "the basis of the plaintiff's Lanham Act claims . . . has not been shown to be groundless").

*Second*, although the conduct of Plaintiffs and Plaintiffs' counsel in this litigation left much to be desired, it was not so unreasonable as to warrant a finding of exceptionality. Indeed, although Plaintiffs (and/or Plaintiffs' counsel) violated a number of the Court's orders by failing to timely respond to discovery requests and failing to appear at a hearing, Plaintiffs and Plaintiffs' counsel were sanctioned for such conduct, and there is no evidence that the delays caused any actual prejudice to Auto Mobility's rights. Further, although Plaintiffs refused to enter into a settlement agreement which Auto Mobility deems was fair and reasonable, as noted above, Plaintiffs' case was at least colorable, so Plaintiffs were entitled to their day in court.

In sum, after considering the totality of the circumstances, the Court concludes that Auto Mobility is not entitled to attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### B. Fla. Stat. § 495.141(1), Fla Stat. § 501.2105(1), and 28 U.S.C. § 1927

Auto Mobility has not specifically objected to the portions of the Report and Recommendation that recommend denying its request for attorneys' fees under Fla. Stat. § 495.141(1), Fla. Stat. § 501.2105(1), or 28 U.S.C. § 1927. The Court, having carefully reviewed the parties' submissions and the Report and Recommendation, and in light of its finding that this

Further, Auto Mobility used these exact same terms, also in its online advertising campaign, to advertise substantially similar services. Finally, Plaintiffs registered the mark "Medical Travel" in the State of Florida. Thus, although the totality of the evidence supporting the validity of these marks was weak, Plaintiffs' overall case was at least colorable. *See Gray v. Novell, Inc.*, Case No. 06-cv-1950, 2010 WL 2593608, at *4 (M.D. Fla. Feb. 22, 2010) (finding that "[the defendant] has not shown that this is an exceptional case" because "the basis of the plaintiff's Lanham Act claims . . . has not been shown to be groundless").

*Second*, although the conduct of Plaintiffs and Plaintiffs' counsel in this litigation left much to be desired, it was not so unreasonable as to warrant a finding of exceptionality. Indeed, although Plaintiffs (and/or Plaintiffs' counsel) violated a number of the Court's orders by failing to timely respond to discovery requests and failing to appear at a hearing, Plaintiffs and Plaintiffs' counsel were sanctioned for such conduct, and there is no evidence that the delays caused any actual prejudice to Auto Mobility's rights. Further, although Plaintiffs refused to enter into a settlement agreement which Auto Mobility deems was fair and reasonable, as noted above, Plaintiffs' case was at least colorable, so Plaintiffs were entitled to their day in court.

In sum, after considering the totality of the circumstances, the Court concludes that Auto Mobility is not entitled to attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### B. Fla. Stat. § 495.141(1), Fla Stat. § 501.2105(1), and 28 U.S.C. § 1927

Auto Mobility has not specifically objected to the portions of the Report and Recommendation that recommend denying its request for attorneys' fees under Fla. Stat. § 495.141(1), Fla. Stat. § 501.2105(1), or 28 U.S.C. § 1927. The Court, having carefully reviewed the parties' submissions and the Report and Recommendation, and in light of its finding that this

case is not "exceptional," *see* Section III.A, *supra*, agrees with the Magistrate Judge that Auto Mobility is not entitled to attorneys' fees under any of these provisions.

IV. **CONCLUSION**

For the reasons stated above, it is hereby **ORDERED**:

1. Defendant Auto Mobility Sales, Inc.'s Objection (Doc. 95) is **SUSTAINED in part** and **OVERRULED in part**.

2. Section II.A of the Report and Recommendation of the Magistrate Judge (Doc. 94) is **rejected**. The remainder of the Report and Recommendation is **adopted, confirmed, and approved**, and is made a part of this Order for all purposes, including appellate review.

3. Auto Mobility's Motion for an Award of Attorneys' Fees and Costs (Doc. 77) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on August 17, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any
Magistrate Judge Elizabeth A. Jenkins